IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

**IMAN ANDERSON and SELETA**            **PLAINTIFFS**
**STANTON, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.            No. 1:22-cv-00652

**IMANI LOUNGE, LLC, and**            **DEFENDANTS**
**MICHAEL CONWAY**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiffs Iman Anderson and Seleta Stanton (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through undersigned counsel, for their Original Complaint—Collective Action ("Complaint") against Defendants Imani Lounge, LLC, and Michael Conway (collectively "Defendant" or "Defendants"), state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendants for violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

2. Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' policy and practice of failing to pay proper minimum wage compensation under the FLSA.

## II.     JURISDICTION AND VENUE

3. The United States District Court for the Middle District of Alabama has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendants conduct business in Alabama and, at all times relevant herein, purposely availed themselves of the benefits and protection of Alabama state law.

5. The acts complained of herein were committed and had their principal effect against Plaintiffs within the Southern Division of the Middle District of Alabama; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

6. Iman Anderson ("Anderson") is an individual and resident of Houston County.

7. Seleta Stanton ("Stanton") is an individual and resident of Coffee County.

8. Separate Defendant Imani Lounge, LLC ("Imani"), is a domestic limited liability company.

9. Imani's registered agent for service of process is Registered Agents Inc., at 212 West Troy Street, Dothan, Alabama 36303.

10. Imani Lounge, LLC does business as Imani Lounge.

11. Separate Defendant Michael Conway ("Conway") is an individual and resident of Houston County.

## IV.    FACTUAL ALLEGATIONS

12. Defendants own and operate an adult entertainment club that does business as Imani Lounge.

13. Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as food and beverages.

14. Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

15. Conway is a principal, director, officer, and/or owner of Imani.

16. Conway took an active role in operating Imani and in the management thereof.

17. Conway, in his role as an operating employer of Imani, had the power to hire and fire Plaintiffs, often supervised Plaintiffs' work and determined their work schedules, and made decisions regarding Plaintiffs' pay, or lack thereof.

18. Conway, at relevant times, exercised supervisory authority over Plaintiffs in relation to their work schedule, pay policy and the day-to-day job duties that Plaintiffs' work entailed.

19. Defendants acted as the employer of Plaintiffs and, at all times material herein, have been engaged in interstate commerce as that term is defined under the FLSA.

20. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

21. Plaintiffs were employed at Defendants' club in Dothan called Imani Lounge (hereinafter, "the Club").

22. Defendants employed Plaintiffs within the three years preceding the filing of this lawsuit.

23. Specifically, Defendants employed Anderson as a Dancer from December of 2017 until October of 2021.

24. Defendants employed Stanton as a Dancer from January of 2017 until September of 2021.

25. Defendants classified Plaintiffs as independent contractors, exempt from the overtime requirements of the FLSA.

26. Defendants also employed other Dancers.

27. Defendants also classified other Dancers as independent contractors.

28. Plaintiffs performed stage dances and lap dances on Defendants' premises.

29. Other Dancers had the same or similar duties as Plaintiffs.

30. Defendants directly hired Plaintiffs and other Dancers, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

31. Plaintiffs and other Dancers did not financially invest in Defendants' business.

32. Plaintiffs and other Dancers did not share in Defendant's profits or losses.

33. Defendants, not Plaintiffs or other Dancers, set prices for lap dances and private dances.

34. Defendants determined Plaintiffs' and other Dancers' pay scale for services without input from or negotiation with Plaintiffs and other Dancers.

35. Defendants, not Plaintiffs or other Dancers, decided whether and how many Dancers to hire.

36. Plaintiffs and other Dancers were hired to work for Defendants for a continuous and ongoing period of time.

37. Plaintiffs and other Dancers did not select any employees for hire, nor did they have any ability to fire employees.

38. Plaintiffs and other Dancers did not have any control of or authority over any employee's rate of pay or working hours.

39. Defendants set the Club's policies and rules and had complete control over the venue.

40. Defendants required Plaintiffs and other Dancers to follow the Club's policies and rules.

41. Defendants maintained the authority to discipline Plaintiffs and other Dancers for wearing certain outfits or hairstyles or being of a certain bodyweight.

42. Defendants made decisions on advertising Defendants' business without Plaintiffs' and other Dancers' input.

43. Defendants failed to pay Plaintiffs the applicable minimum wage for all hours worked.

44. Upon information and belief, Defendants did not pay Plaintiffs and other Dancers an hourly or salary rate.

45. Defendants did not pay Plaintiffs and other Dancers any wage at all.

46. Plaintiffs and other Dancers received tips from Defendants' customers.

47. Plaintiffs and other Dancers were required to share their tips with Defendants, managers, security personnel, the DJ and other employees who did not "customarily and regularly receive tips" within the meaning of 29 U.S.C. § 203(m).

48. Each shift, Plaintiffs and other Dancers were required to pay Defendants $100 or more before they could perform any dances.

49. Defendants regularly "fined" Plaintiffs and other Dancers for various "offenses," such as arguing or arriving late.

50. The tips which Plaintiffs and other Dancers were allowed to keep constituted the entirety of their pay.

51. At all relevant times, Defendants knew or should have known that the FLSA applied to the operation of an adult entertainment club. Defendants knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations where the misclassification of exotic dancers as independent contractors under the FLSA was challenged.

52. Plaintiffs and other Dancers are entitled to wages and compensation based on the standard minimum wage for all hours worked.

53. Plaintiffs performed all of their work as Dancers on Defendants' premises.

54. Other Dancers performed all of their work on Defendants' premises.

55. Defendants recorded the hours worked by Plaintiffs and other Dancers by having them sign in daily at the DJ booth.

56. Defendants knew or should have known that Plaintiffs and other Dancers were working hours for which they were not paid a lawful minimum wage.

57. Defendants knew, or showed reckless disregard for whether, the way it paid Plaintiffs and other Dancers violated the FLSA.

58. Defendants knew or should have known that Plaintiffs and other Dancers did not receive a lawful minimum wage for all hours worked.

59. The net effect of Defendants' practices and policies regarding Plaintiffs' job duties and pay, as described above, is that Defendants intentionally misclassified them as independent contractors in order to avoid paying them a lawful minimum wage for all hours worked.

60. Defendants made no reasonable efforts to ascertain and comply with applicable law.

61. Because Plaintiffs were paid solely in tips, they incurred damages in each week that they were employed with Defendants.

62. Specifically but without limitation, Anderson incurred damages in each of the following weeks of 2021: August 8 and 15 and 22.

63. Specifically but without limitation, Stanton incurred damages in each of the following weeks of 2021: July 11 and 18 and 25.

64. Defendants knew or showed reckless disregard for whether the way it paid, and failed to pay, Plaintiffs and other Dancers violated the FLSA.

### V.  REPRESENTATIVE ACTION ALLEGATIONS

65. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be paid wages by Defendant within the applicable

statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Minimum wages for all hours worked;

    B.    Liquidated damages; and

    C.    Attorneys' fees and costs.

66.     Plaintiffs propose the following collective under the FLSA:

**All Dancers in the last three years.**

67.     In conformity with the requirements of FLSA Section 16(b), Plaintiffs have filed or will soon file a written Consent to Join this lawsuit.

68.     The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

69.     The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A.    They were paid solely in tips;

    B.    They were not paid a sufficient minimum wage;

    C.    They were subject to Defendants' common policy of classifying them as "independent contractors;"

    D.    They were subject to numerous other policies and practices as described above; and

    E.    They had the same or substantially similar job duties and requirements.

70. Plaintiffs are unable to state the exact number of the collective but believe that the collective exceeds 15 individuals.

71. Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

72. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

73. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

74. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

75. At all relevant times, Defendants have been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

76. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

77. Defendants misclassified Plaintiffs as independent contractors, exempt from the overtime requirements of the FLSA.

78. Defendants failed to pay Plaintiffs a lawful minimum wage for all hours worked.

79. 29 U.S.C. § 203(m)(2)(B) states, "An employer may not keep tips received by its employees for any purposes."

80. Defendants unlawfully retained tips earned by Plaintiffs.

81. Defendants knew or should have known that its actions violated the FLSA.

82. Defendants' conduct and practices, as described above, were willful.

83. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

84. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

85. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

86. Plaintiffs, each individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

87. Plaintiffs bring this action on behalf of all other similarly situated individuals to recover monetary damages owed by Defendants to Plaintiffs and members of the putative collective for unpaid minimum wage compensation for all hours worked.

88. Plaintiffs bring this action on behalf of themselves and all others similarly situated who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

89. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

90. Defendants misclassified Plaintiffs and other similarly situated employees as independent contractors and as exempt from the overtime requirements of the FLSA.

91. Defendants failed to pay Plaintiffs and other similarly situated employees a lawful minimum wage for all hours worked.

92. 29 U.S.C. § 203(m)(2)(B) states, "An employer may not keep tips received by its employees for any purposes."

93. Defendants unlawfully retained tips earned by Plaintiffs and others similarly situated.

94. Defendants' conduct and practices, as described above, have been and are willful, intentional, unreasonable, arbitrary and in bad faith.

95. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

96. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs

and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Iman Anderson and Seleta Stanton, each individually and on behalf of all others similarly situated, respectfully pray that Defendants be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA and its attended regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiffs and all others similarly situated for all unpaid wages under the FLSA and its attended regulations;

D. Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA and its attended regulations;

E. An order directing Defendants to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**IMAN ANDERSON and SELETA STANTON, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

HARDIN & HUGHES LLP
2121 14th Street
Tuscaloosa, Alabama 35401
Telephone: (205) 523-0463
Facsimile: (205) 756-4463

/s/ David A. Hughes

David A. Hughes
Ala. Bar No. 3923-U82D
dhughes@hardinhughes.com

**LOCAL COUNSEL FOR PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ Laura Edmondson

Laura Edmondson
Ark. Bar No. 2021312
laura@sanfordlawfirm.com
*PHV Motion to be Filed*

**LEAD COUNSEL FOR PLAINTIFFS**