IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IMAN ANDERSON, *et al.*, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:22-cv-652-RAH-KFP |
| | ) | [WO] |
| IMANI LOUNGE, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Iman Anderson and Seleta Stanton bring this action against Defendants Imani Lounge, LLC, and Michael Conway for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA).  The Plaintiffs are or were dancers at the Imani Lounge, an adult entertainment club in Dothan, Alabama, and allege, on behalf of themselves and others similarly situated, that the Defendants failed to pay them lawful minimum wages and overtime wages because they were misclassified and paid as independent contractors.  The Plaintiffs seek declaratory judgment, compensatory damages, liquidated damages, attorney's fees, and costs. The Plaintiffs move the Court to conditionally certify the proposed collective action; to approve their proposed notice and consent forms and the method of distribution; and to appoint Plaintiffs' counsel as counsel for the collective class.  (Doc. 29.)  The

Defendants do not oppose this motion.  For the reasons that follow, the Court will GRANT the Plaintiffs' motion.

## JURISDICTION

Jurisdiction of the Court is properly invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  Personal jurisdiction and venue are uncontested, and venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## DISCUSSION

The FLSA authorizes a worker seeking unpaid compensation to bring a collective action on behalf of herself and "similarly situated" workers with similar claims.  29 U.S.C. § 216(b); *see also Hogan v. Allstate Beverage Co.*, 2012 WL 6027748, at *2 (M.D. Ala. Dec. 4, 2012).  Unlike traditional class actions under Rule 23 of the Federal Rules of Civil Procedure (which bind all members of the class, regardless of whether they voluntarily opted to participate in the litigation),[1] the FLSA collective action is "opt-in."  *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001).That is, workers are bound by the lawsuit's result only if they affirmatively decide to participate by submitting written consents to the court. *Id.*

---

[1] *See, e.g., Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974) (holding class action judgments, "whether favorable or not, will bind all class members" who did not request to be excluded).

The Eleventh Circuit recommends district courts consider § 216(b) certification in two stages. *See id.* at 1219. First, at the "notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members." *Id.* at 1218 (citation omitted). Second, and typically following a defendant's motion for decertification, the district court must make a factual determination of whether the claimants that elect to opt-in "are similarly situated," which would then permit the "representative action to proceed to trial." *Id.* (citation omitted).

This action comes before the Court at the first step—the "notice stage"— which usually results in conditional certification of the collective. *See id.* At this stage, "[t]he plaintiffs bear the burden of demonstrating a 'reasonable basis' for their claim of class-wide discrimination." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996). A plaintiff meets this easy burden "by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which 'successfully engage defendants' affidavits to the contrary.'" *Id.* (citation omitted). "[A] 'district court should satisfy itself that there are other employees. . . who desire to "opt-in" and who are "similarly situated" with respect to their job requirements and with regard to their pay provisions.'" *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008) (citation omitted).

The Court has reviewed the pleadings, including the parties' submissions on the motion.  At this stage, all members of the proposed collective action appear to be similarly situated to the named Plaintiffs, who were employed by the Defendants as dancers at the Imani Lounge when the Defendants allegedly failed to pay them minimum wages and overtime wages because of the Defendants' treatment of and payment of the dancers as independent contractors.  The Court finds, therefore, that the potential plaintiffs satisfy the "fairly lenient standard" to warrant "notice and the opportunity to 'opt-in'" at the first stage of § 216(b) certification.  *See Hipp*, 252 F.3d at 1219 (citation omitted).  Accordingly, the motion for conditional certification of a collective action is GRANTED.  The following class is conditionally certified:

**All dancers at the Imani Lounge since November 8, 2019.**

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. The Plaintiffs' Motion for Conditional Certification (Doc. 29) is **GRANTED**.

2. Plaintiffs' counsel is appointed as counsel for the collective class.

3. The form and content of the Notice of Right to Join Lawsuit (Doc. 29-1), Consent to Join Lawsuit (Doc. 29-2), Proposed Email Text (Doc. 29-3), and Reminder Postcard (Doc. 29-4) are **APPROVED**.

4. For each dancer who has performed at the Imani Lounge in the three years preceding the filing of the instant action (since November 8, 2019), Defendants

must, on or by **April 14, 2023**, perform a diligent search of all accessible records and communications and, to the extent the information exists, provide Plaintiffs with the following information in their possession in a list in a Microsoft Word format:

    a.  Name

    b.  Telephone Number

    c.  Address

    d.  Email Address

    e.  Date of Birth

    f.  Social Security Number

5.  No later than 14 days after the date that Defendants produce the required information of the putative collective members, Plaintiffs' counsel shall mail the Notice and Consent forms to collective members via U.S. mail, postage prepaid, at their last known address as provided by the Defendants and, if Defendants possess and provide email addresses, email copies of the Notice and Consent as well.

6.  Plaintiffs' counsel may send a follow-up reminder to the putative collective members via email and U.S. mail that contains the court-approved message to any class members who have not responded 30 days after the mailing of the initial court-approved notice.

7.  Members of the collective class must sign the Consent and return it to Plaintiffs' counsel no later than 90 days from the date that the Notice is initially

mailed.  If mailed, the Consent must be postmarked no later than 90 days from the date that the Notice is initially mailed.  Members of the collective class may also sign a Consent electronically or email a signed Consent no later than 90 days from the date that the Notice is initially mailed.

8.  For Notices that are returned undeliverable, Plaintiffs' counsel shall inform Defendants' counsel of these individuals' names, and then Defendants' shall provide to the Plaintiffs any other mailing address information available to the Defendants within 7 days.  Plaintiff's counsel shall then promptly re-mail the Notice and Consent forms if a new mailing address is found. The re-mailing of the Notice does not extend or toll the deadline to return a signed Consent form.

DONE, on this the 6th day of April 2023.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE