IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

**IMAN ANDERSON and SELETA**          **PLAINTIFFS**
**STANTON, Each Individually and on**
**Behalf of All Others Similarly Situated**


vs.          No. 1:22-cv-652-RAH-KFP


**IMANI LOUNGE, LLC, and**          **DEFENDANTS**
**MICHAEL CONWAY**


## PLAINTIFFS' MOTION TO ENFORCE AND APPROVE FLSA COLLECTIVE ACTION SETTLEMENT

Plaintiffs Iman Anderson and Seleta Stanton ("Named Plaintiffs"), individually and on behalf of all others similarly situated, by and through their undersigned counsel, for their Motion to Enforce and Approve FLSA Collective Action Settlement, state and allege as follows:

### I.    Introduction

On December 18, 2023, the Parties mediated this matter with United States Magistrate Judge Kelly F. Pate, where they reached a settlement in principle of all claims asserted in this action. *See, e.g.*, ECF No. 69. Following mediation, the Parties finalized a draft of a formal, written settlement agreement that conformed to the

Page 1 of 22
Iman Anderson, et al. v. Imani Lounge, LLC, et al.
U.S.D.C. (M.D. Ala.) No. 1:22-cv-652-RAH-KFP
Plaintiffs' Motion to Enforce and Approve FLSA Collective Action Settlement

terms of the agreement reached at mediation. The Parties have an enforceable and binding settlement. To date, Defendants have refused to sign the settlement agreement or carry out their obligations under the agreement. Plaintiffs now seek this Court's approval of the settlement agreement and ask this Court to order Defendants to carry out their obligations under the settlement agreement.

## II.    Argument

### a.  A Threshold Matter: The Court Has Jurisdiction to Enforce the Settlement

The Court has jurisdiction to enforce a settlement of a case so long as the motion to enforce is filed as part of a pending case. *Szanto v. Bistritz*, 743 Fed. App'x 940, 942 (11th Cir. 2018) ("A district court retains jurisdiction to enforce a settlement agreement when . . . a party claims a breach of the settlement agreement before the court has dismissed the action.") (internal quotation marks and citation omitted); *McCurdy v. Auburn Univ.*, Case No. 3:14-cv-226-MHT, 2015 WL 9582723, at *1 (M.D. Ala. Dec. 30, 2015) ("A district court ordinarily has the power to enforce a settlement agreement entered into while litigation is pending before that court.") (citation omitted). Because this case has not been dismissed from this Court, the Court retains jurisdiction to enforce the settlement.

### b.  A Valid Settlement Contract Exists Between the Parties

Federal courts have disagreed on whether federal or state law applies in

Page 2 of 22
Iman Anderson, et al. v. Imani Lounge, LLC, et al.
U.S.D.C. (M.D. Ala.) No. 1:22-cv-652-RAH-KFP
Plaintiffs' Motion to Enforce and Approve FLSA Collective Action Settlement

determining whether parties reached a valid settlement agreement. *See, e.g.* *McCurdy*, 2015 WL 9582723, at *2 ("Courts have decided on some occasions that federal law governs and, on other occasions, that state law governs.") (internal citations omitted); *see also Mims v. Bogan*, Case No. 1:12-cv-887-MHT, 2015 WL 4605700, at *2 (M.D. Ala. July 30, 2015) (citing cases where federal courts differed on whether federal or state law applies). Under both federal and state law, there is a valid, enforceable settlement agreement in this case.

"Principles governing general contract law apply to interpret settlement agreements." *Resnick v. Uccello Immobilien GMBH, Inc.*, 227 F.3d 1347, 1350 (11th Cir. 2000) (internal citations omitted). In Alabama, "'[T]he basic elements of a contract are an offer and an acceptance, consideration, and mutual assent to the essential terms of the agreement.'" *Hardy v. City of Selma*, Case No. 2:21-cv-522-TFM-B, 2023 WL 8280483, at *9 (S.D. Ala. June 9, 2023) (alteration in original) (quoting *Sirote & Permutt, P.C. v. Caldwell*, 293 So. 3d 867, 873 (Ala. 2019)). In determining whether there is mutual assent, there must be a meeting of the minds, and that "'is determined by reference to the reasonable meaning of the parties' external and objective actions.'" *McCurdy*, 2015 WL 9582723, at *2 (quoting *Allen v. Allen*, 903 So. 2d 835, 840 (Ala. Civ. App. 2004) (internal citation omitted)).

"Under Alabama law, an attorney has the authority to bind his client by a settlement agreement if it is reduced to writing or put on the minutes of a court

Page 3 of 22
Iman Anderson, et al. v. Imani Lounge, LLC, et al.
U.S.D.C. (M.D. Ala.) No. 1:22-cv-652-RAH-KFP
Plaintiffs' Motion to Enforce and Approve FLSA Collective Action Settlement

proceeding." *McCurdy*, 2015 WL 9582723, at *2 (citing Ala. Code § 34-3-21) (internal citations omitted). A settlement agreement need not be signed by the party to be enforceable. *Spurlock v. Pioneer Financial Servs., Inc.*, 808 F. Supp. 782, 783 n.2 (M.D. Ala. 1992) ("The Alabama Supreme Court has several times enforced a settlement agreement against a party when the agreement was entered into by the party's attorney and was not signed by the party.") (internal citation omitted). "[I]f sufficiently detailed, an exchange of correspondence may create an enforceable contract under Alabama law." *Walters v. Jackson Hospital*, Case No. 2:21cv204-MHT, 2022 WL 2531751, at *3 (M.D. Ala. July 7, 2022) (citing *Mays v. Julian LeCraw & Co.*, 807 So. 2d 551 (Ala. Civ. App. 2001)).

Stipulations of settlement made in open court "'should be as binding as a written contract; indeed, it is a contract[,] but made with more solemnity and with better protection to the rights of the parties than an ordinary contract made out of court.'" *United States v. Stabler*, Case No. 06-0505-CB-C, 2008 WL 5245353, at *6 (S.D. Ala. Dec. 2, 2008) (alteration in original) (quoting *Ingalls Iron Works Co. v. Ingalls*, 177 F.Supp. 151, 160 (N.D. Ala. 1959) (internal citation omitted)). "'An agreement, even an oral one, wfexfill not automatically be considered non-binding merely because a later, more formal document was envisioned.'" *Mims*, 2015 WL 4605700, at *2 (quoting *Samson Plastic Conduit & Pipe Corp. v. Battenfeld Extrusionstechnik GMBH*, 718 F.Supp. 886, 892 (M.D. Ala. 1989)).

Page 4 of 22
Iman Anderson, et al. v. Imani Lounge, LLC, et al.
U.S.D.C. (M.D. Ala.) No. 1:22-cv-652-RAH-KFP
Plaintiffs' Motion to Enforce and Approve FLSA Collective Action Settlement

"Under Alabama law, . . . [a] settlement agreement, however, may not be repudiated and will be enforced by the courts. . . . 'A settlement agreement will be reopened only for accident, mistake, or fraud.'" *Jackson v. Con-Way Transp. Servs., Inc.*, 222 Fed. App'x 887, 891 (11th Cir. 2007) (quoting *Coaker v. Washington County Bd. Of Educ.*, 646 So. 2d 38, 41-42 (Ala. Civ. App. 1993) (citations omitted)). "'[I]f a party could repudiate an oral agreement which was stated in open court and orally approved by the court, it would inevitably have a chilling effect upon all settlements made the day of a trial, which is an effect clearly contrary to established policy favoring settlement among litigants.'" *L.J. v. Calhoun County Dep't of Human Resources*, 289 So. 3d 827, 835 (Ala. Civ. App. 2019) (quoting *Porter v. Porter*, 441 So. 2d 921, 923 (Ala. Civ. App. 1983)).

Federal law only requires that settlement agreements "'be entered into voluntarily and knowingly . . . .'" *McCurdy*, 2015 WL 9582723, at *3 (quoting *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981)). "'[F]ederal contract law is largely indistinguishable from general contract principles under state common law.'" *Walters*, 2022 WL 2531751, at *4 (quoting *In re Deepwater Horizon*, 786 F.3d 344, 354 (5th Cir. 2015)). "It is a bedrock principle of contract law that an enforceable contract is not formed unless there is a meeting of the minds as to all essential terms." *Id.* (citing *In re Deepwater Horizon*, 786 F.3d at 357). "'Manifestations of assent that are in themselves sufficient to conclude a

Page 5 of 22
Iman Anderson, et al. v. Imani Lounge, LLC, et al.
U.S.D.C. (M.D. Ala.) No. 1:22-cv-652-RAH-KFP
Plaintiffs' Motion to Enforce and Approve FLSA Collective Action Settlement

contract will not be prevented from so operating by the fact that the parties also manifest an intention to prepare and adopt a written memorial thereof; but the circumstances may show that the agreements are preliminary negotiations.'" *Mims*, 2015 WL 4605700, at *2 (quoting Restatement (Second) of Contracts § 27 (1981)).

As far as Plaintiffs are aware, Defendants do not dispute that there is a valid settlement agreement between the Parties. Plaintiffs are not aware that Defendants dispute that there that were was an offer, an acceptance, consideration, and mutual assent to the terms of the agreement, and it would be difficult for Defendants to make such an argument based on the undisputed facts. Furthermore, there is no evidence of mistake, confusion, or ambiguity as to the settlement terms. The undisputed facts present in this case fully support Plaintiffs' contentions in this Motion.

On December 18, 2023, the Parties engaged in mediation before United States Magistrate Judge Kelly F. Pate. *See, e.g.*, ECF No. 69. After a few hours of mediation, the Parties reached a settlement. At the conclusion of the mediation, and before the Court, the Parties and their counsel recited the basic terms of their resolution. Plaintiffs' counsel read onto the record that damages, inclusive of wages and liquidated damages, would be resolved for a total of $45,000. Exhibit 1, Transcript of Mediation and Settlement Conference at 7:13-8:11. Plaintiffs' counsel explained that the settlement would be paid out over a period of two years, with an initial payment of $15,000 within 30 days of the Court's entry of an order approving

Page 6 of 22
Iman Anderson, et al. v. Imani Lounge, LLC, et al.
U.S.D.C. (M.D. Ala.) No. 1:22-cv-652-RAH-KFP
Plaintiffs' Motion to Enforce and Approve FLSA Collective Action Settlement

the settlement; a second payment of $15,000 within a year; and a final payment of $15,000 within two years. *Id.* at 8:1-8. Defendants' counsel added onto the record that the settlement agreement would be between Plaintiffs and Defendant Imani Lounge, LLC, and that Defendant Michael Conway would be released as part of the agreement. *Id.* at 8:12-21. Counsel for all Parties confirmed on the record that those terms were accurate, as well as the Parties themselves. *Id.* at 8:22-10:3.

After the conclusion of the mediation, the Parties through counsel negotiated separately an amount for Plaintiffs' attorneys' fees. The Parties reached a separate agreement of $15,000 for Plaintiffs' attorneys' fees, and the Parties agreed that the payments under the payment plan would be increased from $15,000 to $20,000. Exhibit 2, December 19, 2023, Email Correspondence Between Counsel (email from Colby Qualls at 2:07 p.m. on December 19, 2023) ("I can fill in information related to the distribution of liability damages and distribution of the 20k, 20k, 20k payment plan."). On December 21, 2023, Defendants' counsel sent Plaintiffs' counsel a redlined draft of a formal settlement agreement, with a note for Plaintiffs' counsel to add the distribution of the structured payments in an Appendix. Exhibit 3, December 21, 2023, Email Correspondence from Defendants' Counsel (email from Wallace Mills at 9:30 a.m. on December 21, 2023); Exhibit 4, December 21, 2023, Redlined Draft of Settlement Agreement.

On January 19, 2024, Plaintiffs' counsel sent Defendants' counsel an updated

Page 7 of 22
**Iman Anderson, et al. v. Imani Lounge, LLC, et al.**
**U.S.D.C. (M.D. Ala.) No. 1:22-cv-652-RAH-KFP**
**Plaintiffs' Motion to Enforce and Approve FLSA Collective Action Settlement**

and redlined draft of the formal settlement agreement, as well as a draft proposed consent judgment and the Appendix for the distribution of the settlement payments under the payment plan. Exhibit 5, January 19, 2024, Email Correspondence from Plaintiffs' Counsel (email from Colby Qualls at 10:46 a.m. on January 19, 2024); Exhibit 6, January 19, 2024, Redlined Draft of Settlement Agreement; Exhibit 7, Proposed Consent Judgment; and Exhibit 8, Appendix A. Defendants' counsel responded on January 29, 2024, with a couple of questions regarding the draft of the agreement, but stated that "[o]therwise, it looks pretty good." Exhibit 9, January 29, 2024, Email Correspondence Between Counsel (email from Wallace Mills at 10:45 a.m. on January 29, 2024). Plaintiffs' counsel answered Defendants' counsel's questions, and in response, Defendants' counsel stated that it "[a]ll looks good to me." *Id.* (email from Colby Qualls at 12:58 p.m. on January 29, 2024) & (email from Wallace Mills at 1:12 p.m. on January 29, 2024). Plaintiffs' counsel and Defendants' counsel agreed to then start obtaining the relevant signatures and tax documents from the Parties. *Id.* (email from Colby Qualls at 1:20 p.m. on January 29, 2024) & (email from Wallace Mills at 3:40 p.m. on January 29, 2024).

The Parties reached a settlement at the mediation on December 18, 2023, and the terms were recorded and included in the minutes of a court proceeding (Ex. 1). The Parties then proceeded to memorialize these terms formally in writing. By sending Defendants the January 19, 2024, Redlined Draft of Settlement Agreement

Page 8 of 22
**Iman Anderson, et al. v. Imani Lounge, LLC, et al.**
**U.S.D.C. (M.D. Ala.) No. 1:22-cv-652-RAH-KFP**
**Plaintiffs' Motion to Enforce and Approve FLSA Collective Action Settlement**

(Ex. 6), along with the Proposed Consent Judgment (Ex. 7) and Appendix A (Ex. 8), Plaintiffs provided a complete, finalized draft of the formal settlement agreement. Defendants had the opportunity to further edit the written agreement. Instead, Defendants, through their counsel, confirmed that Plaintiffs' January 19, 2024, draft of the written agreement, along with the attachments, were fine. Ex. 9 (email from Wallace Mills at 1:12 p.m. on January 29, 2024) ("All looks good to me."). Thus, the Parties confirmed through counsel that they agreed to the final form of the written formal settlement agreement, and the Parties are bound by their settlement contract.

After Defendants agreed to the final form of the settlement agreement through their counsel, Plaintiffs' counsel sent Defendants' counsel copies of Plaintiffs' signed agreements, as well as most of the related tax forms. Exhibit 10, February 8, 2024, Email Correspondence from Plaintiffs' Counsel (email from Colby Qualls at 3:43 p.m. on February 8, 2024); Exhibit 11, Plaintiffs' Signed Settlement Agreements. On February 15, 2024, Plaintiffs' counsel asked about the status of Defendants' signatures. Exhibit 12, February 15, 2024, Email Correspondence Between Counsel (email from Colby Qualls at 8:49 a.m. on February 15, 2024). Defendants' counsel made no objection in his response, further reinforcing that Defendants considered the settlement agreement finalized. *Id.* (email from Wallace Mills at 11:22 a.m. on February 15, 2024) ("I will check with him today and get that back.").

**Page 9 of 22**
**Iman Anderson, et al. v. Imani Lounge, LLC, et al.**
**U.S.D.C. (M.D. Ala.) No. 1:22-cv-652-RAH-KFP**
**Plaintiffs' Motion to Enforce and Approve FLSA Collective Action Settlement**

To date, however, Defendants have refused to execute and perform their obligations under the settlement agreement, despite agreeing to the basic terms at mediation and accepting the final form of the agreement in the subsequent exchange of drafts. Instead, approximately three weeks after Defendants accepted the final form of the settlement agreement, and a little over a week after Plaintiffs' counsel provided Plaintiffs' signed agreements, Defendants suddenly claimed that they may not sign the settlement agreement. It was not until around February 28, 2024, that Defendants more definitively stated to Plaintiffs that they would not be signing the settlement agreement because they would not be able to make the initial settlement payment on time. Exhibit 13, February 28, 2024, Email Correspondence from Defendants' Counsel (email from Wallace Mills at 3:15 p.m. on February 28, 2024) ("He says that he cannot sign the settlement agreement because he cannot make the first payment on time, and he knows that he will not be able to do it.").

Defendants have no ground to stand on here. Due to the enforceability of the finalized settlement agreement and terms, Defendants cannot now back out of their obligations under the agreement. It is immaterial whether Defendants can make the agreed upon settlement payments because Defendants are bound by the agreed-upon terms. "The fact that the Debtor has since refused to sign the necessary paperwork for the parties to file a joint motion to approve compromise because the Debtor alleges she does not have the funds to fund the payments due under the settlement is

**Page 10 of 22**
**Iman Anderson, et al. v. Imani Lounge, LLC, et al.**
**U.S.D.C. (M.D. Ala.) No. 1:22-cv-652-RAH-KFP**
**Plaintiffs' Motion to Enforce and Approve FLSA Collective Action Settlement**

of no consequence. The parties agreed on the record and are now bound." *Daniels Capital Corp. v. Stovall* (*In re Stovall)*, Bankruptcy No. 05-73902-TOM, 2008 WL 5155661, at *4 (Bankr. N.D. Ala. Dec. 5, 2008).

It is clear from the transcript of the December 18, 2023, mediation (Ex. 1), as well as the subsequent correspondences between counsel for Plaintiffs and Defendants (Exs. 2- 12), that the Parties reached a valid and binding settlement agreement. It is no defense here that Defendants have not signed the settlement agreement because the basic terms were read onto the record in a court proceeding, and the terms were later reduced to a writing that was approved by their counsel. Nor is it a defense that Defendants allegedly can no longer meet their payment obligations. *In re Stovall*, 2008 WL 5155661, at *4 ("This Court believes that the Debtor has continued to enter these agreements and later 'back out' solely to avoid payment or because she is unable to pay-either way, no further delays will be allowed. The Court finds that the oral agreement, put on the record on June 16, 2008, and verbally confirmed and affirmed by each party, is binding on all parties and the Court will enforce the agreement.").

A settlement has been reached, and it should be enforced without further delay. Defendants have not represented that there is not a settlement agreement here, nor have they indicated that they dispute the terms of the agreement. In fact, Defendants have previously represented that a settlement was reached. *See, e.g.*,

Page 11 of 22
Iman Anderson, et al. v. Imani Lounge, LLC, et al.
U.S.D.C. (M.D. Ala.) No. 1:22-cv-652-RAH-KFP
Plaintiffs' Motion to Enforce and Approve FLSA Collective Action Settlement

ECF No. 58. Defendants have not indicated there is any mistake, confusion, or ambiguity as to the settlement terms. Plaintiffs respectfully request that the Court find that the Parties have entered into a valid settlement agreement, order Defendants to abide by the terms of the settlement contract, order Defendants to pay Plaintiffs' reasonable expenses and costs, including attorneys' fees, associated with this motion, which was necessitated by Defendants' unjustified failure to execute the settlement document, and dismiss this case with prejudice, retaining jurisdiction to enforce the settlement.

### c.  The Need for Court Approval

Employees can settle and release claims under the FLSA in two ways. First, employees can settle and waive their claims under the FLSA if the Secretary of Labor supervises the payment of unpaid wages by the employer to the employee. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under the FLSA (as is the case here), an employee may settle and release FLSA claims if the parties present the District Court with a proposed settlement, and the District Court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353; *see also D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946) (discussing propriety of allowing settlement of FLSA claims where District Court has reviewed terms of

Page 12 of 22
**Iman Anderson, et al. v. Imani Lounge, LLC, et al.**
**U.S.D.C. (M.D. Ala.) No. 1:22-cv-652-RAH-KFP**
**Plaintiffs' Motion to Enforce and Approve FLSA Collective Action Settlement**

settlement agreement).

In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

### d.  The Settlement is Fair and Reasonable

Here, Plaintiffs submit that the Court should approve the Agreement. The proposed Agreement arises out of an action that was adversarial in nature. The Parties vigorously disputed the merits of Plaintiffs' FLSA claims, and there is a bona fide dispute between the Parties as to Plaintiffs' entitlement to relief under the FLSA, and, even assuming entitlement, the amount of such relief. Plaintiffs and Defendants were represented by competent and experienced attorneys who are well versed in wage and hour disputes.

As background, on November 8, 2022, Named Plaintiffs filed suit on behalf

Page 13 of 22
Iman Anderson, et al. v. Imani Lounge, LLC, et al.
U.S.D.C. (M.D. Ala.) No. 1:22-cv-652-RAH-KFP
Plaintiffs' Motion to Enforce and Approve FLSA Collective Action Settlement

of themselves and others similarly situated against Defendants alleging violations of the minimum wage provisions of the Fair Labor Standards Act ("FLSA"). ECF No. 1. Named Plaintiffs alleged in their Complaint that Defendants misclassified Plaintiffs and others similarly situated as independent contractors, exempt from the requirements of the FLSA, and that Defendants failed to pay Plaintiffs and others similarly situated any wages at all for their hours worked. *Id.* Defendants denied Named Plaintiffs' allegations and averred that they are not subject to and covered by the FLSA through either enterprise or individual coverage. ECF No. 25.

On February 28, 2023, the Named Plaintiffs filed a Motion for Conditional Certification seeking certification of a collective of "All Dancers since November 8, 2019" and requesting issuance of Notice and Consent forms to putative members of the collective. ECF No. 29. This Court granted the Plaintiffs' Motion on April 6, 2023. ECF No. 43. An opt-in period ensued, and six individuals, including the Named Plaintiffs, returned a valid Consent to Join form, effectively joining the lawsuit as party-plaintiffs ("Opt-In Plaintiffs" and, together with Named Plaintiffs, "Plaintiffs"). *See* ECF Nos. 1-1, 1-2, 12, 44, & 48.

On November 1, 2023, the Parties jointly moved for the Court to refer this case to a Magistrate Judge for a settlement conference to be held at the Magistrate Judge's earliest convenience. ECF No. 53. The Court entered an order referring the Parties to the chambers of United States Magistrate Judge Kelly F. Pate to participate

Page 14 of 22
Iman Anderson, et al. v. Imani Lounge, LLC, et al.
U.S.D.C. (M.D. Ala.) No. 1:22-cv-652-RAH-KFP
Plaintiffs' Motion to Enforce and Approve FLSA Collective Action Settlement

in a settlement conference (ECF No. 54). The Parties were able to reach an agreement to resolve all claims at issue following arm's length negotiations between the Parties at the settlement conference with Magistrate Judge Kelly F. Pate on December 18, 2023. *See, e.g.*, ECF Nos. 56 & 57. The terms of the settlement are memorialized in the Settlement Agreement and Release attached as Exhibit 11 and include a Proposed Consent Judgment (Ex. 7) and Appendix A (Ex. 8), which outlines the distribution of the settlement payments. Plaintiffs now seek this Court's approval of the Agreement. Plaintiffs represent that the negotiations were adversarial in nature and that the settlement represents a compromise on the part of all Parties with respect to both the relief sought by Plaintiffs and the defenses raised by Defendants.

The Court has a duty to scrutinize the proposed settlement for fairness. *Gordon v. Enter. Holdings*, 2:20-cv-996-ECM, 2022 WL 757931, at *1 (M.D. Ala. Mar. 11, 2022) (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1353). A district court, when reviewing a proposed agreed-upon resolution of an FLSA claim, must scrutinize it for fairness and decide whether it is a "fair and reasonable resolution of a bona fide dispute over the FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1353, 1355. In *Lynn's Food Stores, Inc.*, the Eleventh Circuit established the following factors to determine whether to approve an agreed-upon resolution of an FLSA claim:

Page 15 of 22
Iman Anderson, et al. v. Imani Lounge, LLC, et al.
U.S.D.C. (M.D. Ala.) No. 1:22-cv-652-RAH-KFP
Plaintiffs' Motion to Enforce and Approve FLSA Collective Action Settlement

1. Was it achieved in an adversarial context?

2. Was the Plaintiff represented by attorneys who can protects their rights?

3. Does it reflect a fair and reasonable compromise over issues that are actually in dispute?

*Id.* at 1353-54.

Here, the resolution reached by the Parties was negotiated by experienced counsel who protected the rights of all Parties. Plaintiffs submit to the Court that the terms of resolution reflect a fair and reasonable compromise regarding bona fide disputes between the Parties with respect to whether Plaintiffs were entitled to minimum wages under the FLSA. The Parties vigorously disputed the merits of Plaintiffs' FLSA claims, and there is a bona fide dispute between the Parties as to Plaintiffs' entitlement to relief. Even assuming such entitlement, the amount of relief is the subject of further dispute. Specifically, the Parties disputed whether the manner of Plaintiffs' work renders them employees under the FLSA; whether Defendants are subject and covered under the FLSA through either enterprise or individual coverage; and the number of hours worked by each Plaintiff—the very points of reasonable compromise identified in *Lynn's Food Stores, Inc.*, 679 F.2d at 1354 ("If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that

Page 16 of 22
Iman Anderson, et al. v. Imani Lounge, LLC, et al.
U.S.D.C. (M.D. Ala.) No. 1:22-cv-652-RAH-KFP
Plaintiffs' Motion to Enforce and Approve FLSA Collective Action Settlement

are actually in dispute, we allow the district court to approve the settlement . . . .").

Through litigation Defendants produced to Plaintiffs their sign-in sheets for the days they worked for Defendants, and Plaintiffs disclosed their estimated number of hours they claimed to have worked. Using this information, the Parties were better able to evaluate Plaintiffs' claims and damages for purposes of settlement negotiations.

The Parties exchanged settlement offers and demands at the settlement conference with the Magistrate Judge and ultimately reached a settlement (with separate negotiations of the amount to be received by Plaintiffs and attorneys' fees and costs), the terms of which are memorialized in Exhibit 11. In summary, Plaintiffs will receive $39,000 in exchange for the dismissal of this suit and the release of their FLSA claims. Each Named Plaintiff has also agreed to generally release all other claims against Defendants and will each receive a $3,000 payment for that general release as well as in recognition of their time representing the collective and litigating the case. *See, e.g.*, Exhibit 14, Memorandum Opinion and Order in *Stewart v. Red Mountain Retail, Inc.*, Case No. 2:21-cv-00989-ACA, at pp. 5-6 (N.D. Ala. Nov. 29, 2022) (approving additional payments to named plaintiffs as separate consideration for a general release even though the court found that service awards are impermissible). Through separate negotiations, the Parties agreed that Plaintiffs' counsel will receive $15,000 in settlement for their claim to attorneys' fees and costs.

Page 17 of 22
Iman Anderson, et al. v. Imani Lounge, LLC, et al.
U.S.D.C. (M.D. Ala.) No. 1:22-cv-652-RAH-KFP
Plaintiffs' Motion to Enforce and Approve FLSA Collective Action Settlement

Plaintiffs represent that the Parties entered into this settlement in recognition of the general risks inherent in any litigation – for Plaintiffs, the risk of no recovery, and for the Defendants, the risk of a verdict against it on the merits. Plaintiffs represent that the Parties considered a number of specific factors before agreeing to the settlement, including (a) the factual and legal merits of Plaintiffs' FLSA claims and Defendants' defenses, and the strengths and weaknesses of those arguments/positions, (b) the probability of recovery by Plaintiffs on their claims, (c) the range of possible recovery by Plaintiffs (including the difficulty Plaintiffs faced proving the number of hours worked), (d) the time, expense, and other burdens of contested litigation that have been saved by the settlement, and (e) the additional benefit that a settlement provides now versus the uncertainty of a trial. Recognizing and considering those and other risks and issues, Plaintiffs represent that the Parties reached the Agreement after negotiations and submit that it provides for fair and reasonable compensation to each Plaintiff, when weighed against the risks of no recovery after lengthy and expensive litigation that has and would be vigorously defended by Defendants, as well as a payment of reasonable attorneys' fees and costs to their counsel for prosecuting this action. The settlement represents a fair and reasonable compromise of this action by the Parties, made without any waiver or acceptance of liability by Defendants.

Plaintiffs alleged that Defendants did not pay Plaintiffs a lawful minimum

Page 18 of 22
Iman Anderson, et al. v. Imani Lounge, LLC, et al.
U.S.D.C. (M.D. Ala.) No. 1:22-cv-652-RAH-KFP
Plaintiffs' Motion to Enforce and Approve FLSA Collective Action Settlement

wage for all hours worked. Under the terms of the settlement, each Plaintiff is receiving an amount that compensates them from anywhere between 6.5 hours to 10 hours of uncompensated work at the applicable minimum wage per week during their alleged tenures with Defendants. The amounts are reasonable given Defendants' position that Defendants owe Plaintiffs no back wages whatsoever because Defendants were not subject to or covered by the FLSA through either enterprise or individual coverage, and even if they were, Defendants were not Plaintiffs' employers; and that there is a dispute regarding the number of hours each Plaintiff worked. Furthermore, Plaintiffs had very little in terms of direct documentary evidence of hours worked and would have largely had to rely on estimates and testimony as to hours worked at trial, which would have been subject to any competing evidence put on by Defendants. In addition, the Parties disputed whether the applicable statute of limitations is two or three years, and for purposes of settlement Plaintiff's damages assume the third year applies. Finally, the settlement, and the agreed upon payment plan, also took into account the risk of Plaintiffs receiving nothing at all from Defendants, due to their current financial situation.

The Parties' settlement also includes a component of attorneys' fees and costs. The attorneys' fees and costs portion of the settlement was negotiated separately from the amount Plaintiffs are to receive under this settlement and only after a

Page 19 of 22
**Iman Anderson, et al. v. Imani Lounge, LLC, et al.**
**U.S.D.C. (M.D. Ala.) No. 1:22-cv-652-RAH-KFP**
**Plaintiffs' Motion to Enforce and Approve FLSA Collective Action Settlement**

resolution of Plaintiffs' claims was reached. Thus, Plaintiffs' recovery has not been adversely affected by the amount of fees to be paid by their counsel.

> Where the attorney's fee was agreed upon separately, without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Shaffer v. Bridgeway Servs., LLC*, Case No. 2:20-cv-01361-JHE, 2022 WL 479411, at *3 (N.D. Ala. Feb. 16, 2022) (quoting *Davis v. The Filta Group, Inc.*, Case No. 6:10-cv-457-Orl-31KRS, 2010 WL 3958701, *2 (M.D. Fla. Sept. 20, 2010)) (internal quotations omitted).

Here, as in *Shaffer*, the Parties negotiated Plaintiffs' damages and attorneys' fees as separate amounts, so no separate analysis of the reasonableness of the attorneys' fees is required.

## III. Conclusion

WHEREFORE, premises considered, Plaintiffs respectfully request that the Court enter an Order and judgment that:

(1) finds that the Parties have entered into a valid settlement agreement;

(2) approves the Settlement Agreement;

(3) orders Defendants to abide by the terms of the Settlement Agreement;

(4) order Defendants to pay Plaintiffs' reasonable expenses and costs,

Page 20 of 22
Iman Anderson, et al. v. Imani Lounge, LLC, et al.
U.S.D.C. (M.D. Ala.) No. 1:22-cv-652-RAH-KFP
Plaintiffs' Motion to Enforce and Approve FLSA Collective Action Settlement

including attorneys' fees, associated with this motion, which were necessitated by Defendants' unjustified failure to execute the settlement document; and

(5) dismiss this case with prejudice, retaining jurisdiction to enforce the settlement.

Respectfully submitted,

**PLAINTIFFS IMAN ANDERSON and SELETA STANTON, Each Individually and on Behalf of All Others Similarly Situated**

HARDIN & HUGHES LLP
2121 14th Street
Tuscaloosa, Alabama 35401
Telephone: (205) 523-0463
Facsimile: (205) 756-4463

David Hughes
Ala. Bar No. 3923-U82D
dhughes@hardinhughes.com

**LOCAL COUNSEL FOR PLAINTIFFS**

FORESTER HAYNIE, PLLC
400 North Saint Paul Street, Ste. 700
Dallas, Texas 75201
Telephone: (214) 210-2100

*/s/ Colby Qualls*
Colby Qualls
Ark. Bar No. 2019246
cqualls@foresterhaynie.com

**LEAD COUNSEL FOR PLAINTIFF**

**Page 21 of 22**
**Iman Anderson, et al. v. Imani Lounge, LLC, et al.**
**U.S.D.C. (M.D. Ala.) No. 1:22-cv-652-RAH-KFP**
**Plaintiffs' Motion to Enforce and Approve FLSA Collective Action Settlement**

## <u>CERTIFICATE OF SERVICE</u>

     I, Colby Qualls, hereby certify that on the date imprinted by the CM/ECF system, a true and correct copy of the foregoing MOTION was electronically filed via the CM/ECF system, which will provide notice to the following attorney of record:

     Wallace D. Mills, Esq.
     WALLACE D MILLS, P.C.
     621 South Hull Street
     Montgomery, AL 36104
     Telephone: (334) 219-9111
     mills@wallacemills.com

                             */s/ Colby Qualls*_____
                             **Colby Qualls**

**Page 22 of 22**
**Iman Anderson, et al. v. Imani Lounge, LLC, et al.**
**U.S.D.C. (M.D. Ala.) No. 1:22-cv-652-RAH-KFP**
**Plaintiffs' Motion to Enforce and Approve FLSA Collective Action Settlement**